## S. R. White v. P. H. Magirl.

1. CONSIDERATION — *what is a sufficient, to support a contract.* Where, prior to the execution of a second contract there existed in good faith a controversy between the parties as to whether a previous one had been performed, the existence of such controversy affords a sufficient consideration to support said second contract.

Action of assumpsit. Appeal from the Circuit Court of McLean County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904.

JESSE E. HOFFMAN, for appellant.

ROWELL & LINDLEY, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit, brought by appellee against appellant, upon the following instrument in writing:

"SEPTEMBER 18, 1902.

Received of S. R. White the sum of $500.00, being part payment of the contract for bridge across Sugar Creek, in the center of Clinton street, in Bloomington, Ill.   This leaves a balance due P. H. Magirl on contract, of two hundred-dollars ($200.00), said $200.00 to be paid whenever the concrete shows that it is set to make a hard job and the footings on the inside of the iron arch filled up as agreed upon by said Wolcott.

P. H. MAGIRL.
SAMUEL R. WHITE."

The original contract for building the bridge referred to in the said instrument, was between appellant and one Wolcott, and by Wolcott assigned to appellee, who did the work.   Prior to the making of the contract sued upon, appellee, claiming that he had completed the bridge in accordance with the Wolcott contract, applied to appellant for payment of the contract price, which was $700.   Whereupon appellant insisted that the work was not done in accordance with the contract, but finally paid appellee the sum of $500, and the contract or receipt referred to was executed.   The trial court held that the second contract superseded the Wolcott contract, and its rulings upon the evidence and the instructions were upon that theory.   The court also held that the only question to be submitted to the jury was whether or not there had been a substantial compliance with the second contract by appellee.   Counsel for appellant insists that this was error; that an agreement to do, or doing a part of what one is already bound in law to do, cannot be a consideration for a promise to waive the remainder of what is due, and that therefore said second contract was without consideration, and did not constitute a waiver of the performance of the original contract in all respects.   We regard the contention as without merit. Prior to the execution of the contract in suit, there was, as appears from the evidence, a controversy or difference between the parties as to whether appellee had fully performed the Wolcott contract or not, and there is nothing to show that it was not in good faith.   The second con-

tract was, as we think, clearly intended as an adjustment or compromise of such differences, and this is, in law, a sufficient consideration to support the agreement.   Murphy v. Murphy, 84 App. 292.   The ruling of the court upon the question was, therefore, right and proper.   It is further contended by appellant that the evidence fails to show that the work was completed in accordance with the second contract.   The evidence upon this question is conflicting. The jury, whose special province is the determination of disputed questions of fact, and who saw the witnesses and heard them testify, evidently found that the terms of the contract had been complied with, and in the absence of error in the record, we are not inclined to disturb their verdict.

The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*